# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-CV-265-RAW-DES |
| v. ) | |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Plaintiff, United States of America and Defendant, State of Oklahoma's Joint Motion for Entry of Consent Judgment. (Docket No. 9). On August 6, 2025, United States District Judge Ronald A. White referred this case to Magistrate Judge D. Edward Snow for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 10). For the reasons set forth below, the undersigned Magistrate Judge recommends the Parties' Joint Motion for Entry of Consent Judgment be GRANTED.

On August 5, 2025, the United States of America initiated this civil action seeking declaratory and injunctive relief pursuant to the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2; 28 U.S.C. §§ 1651, 2201, and 2202; and the Court's inherent equitable authority. (Docket No. 2). The Complaint challenges the constitutionality of Okla. Stat. tit. 70, § 3242 and Oklahoma State Regents for Higher Education (OSRHE) Policy § 3.18.6, which govern the classification of postsecondary students for in-state tuition eligibility. *Id.* at 6. Under these provisions, individuals who are not lawfully present in the United States may qualify for in-state tuition or nonresident tuition waivers if they meet certain residency and high school graduation criteria. *Id.* at 7-8. OSRHE Policy further provides that such individuals may be eligible for state-funded scholarships

or financial aid if they submit documentation of an application to legalize their immigration status and meet other eligibility criteria. *Id.* at 8.

The United States asserts that these provisions are expressly preempted by 8 U.S.C. § 1623(a), which prohibits states from providing postsecondary education benefits to unlawfully present aliens based on state residency unless the same benefits are offered to all U.S. citizens regardless of residency. *Id.* at 10-11. Accordingly, the United States alleges that Okla. Stat. tit. 70, § 3242 and related OSRHE policies violate the Supremacy Clause and are therefore unconstitutional. The United States seeks a declaration to that effect and a permanent injunction against their enforcement. *Id.* at 11.

On August 5, 2025, in conjunction with Defendant, Plaintiff filed a Joint Motion for Entry of Consent Judgment. (Docket No. 9). In the Joint Motion, the Parties agree this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345 and that venue is proper under 28 U.S.C. § 1391. *Id.* at 2. The Parties further agree this Court has the authority to provide the requested relief under the Supremacy Clause, U.S. Const. Art. VI, cl. 2, as well as 28 U.S.C. §§ 1651, 2201, and 2022, and its inherent equitable powers. *Id.* Finally, the Parties agree that Okla. Stat., tit. 70, § 3242 and OSRHE Policy § 3.18.6 are preempted by 8 U.S.C. §§ 1623, 1621(d) and they request this Court enter a final judgment declaring that Okla. Stat., tit. 70, § 3242 and OSRHE Policy § 3.18.6 violate the Supremacy Clause and are therefore invalid. *Id.*

The Constitution's Supremacy Clause mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Federal statutes may expressly preempt state laws and render them ineffective by declaring that intent on the face of the statute. *Arizona v. United States*, 567 U.S.

387, 399 (2012) ("There is no doubt that Congress may withdraw specified powers from the States by enacting a statute containing an express preemption provision."). "[U]nder the Supremacy Clause, from which our pre-emption doctrine is derived, any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) (quotation omitted); *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981) (explaining that under the Supremacy Clause, state laws that conflict with federal law are "without effect"); *Colo. Dep't of Pub. Health & Env't, Hazardous Materials & Waste Mgmt. Div. v. United States,* 693 F.3d 1214, 1222 (10th Cir. 2012) ("In light of the federal Constitution's Supremacy Clause, it has long been recognized that federal law preempts contrary state enactments." (footnote omitted) (internal quotation marks omitted)).

Here, a federal law, 8 U.S.C. § 1623(a), contains an express preemption clause as it directs that "[n]otwithstanding any other provision of law," an alien not lawfully present in the United States "shall not be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether the citizen or national is such a resident." 8 U.S.C. § 1623(a). Accordingly, the undersigned Magistrate Judge RECOMMENDS the Joint Motion for Entry of Consent Judgment be GRANTED, and the proposed Order be entered.

Any objections to this Report and Recommendation must be filed within three days[1]. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The exigencies of the Court's calendar amid the ongoing *McGirt* crisis, require the Court to shorten the window for filing objections. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978); *Sabal Trail Transmission, LLC. v. 7.72 Acres*

---

[1] The undersigned Magistrate Judge shortens the objection period after consulting with the presiding judge in this matter, U.S. District Judge Ronald A. White.

*in Lee Cnty., Ala.*, No. 3:16-CV-173-WKW, 2016 WL 10789585, at *1 (M.D. Ala. June 6, 2016) (collecting cases).[2] Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    DATED this 7th day of August, 2025.

                                                          D. Edward Snow
                                                          United States Magistrate Judge

---

[2] Specifically, the Northern and Eastern Districts of Oklahoma have unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). *McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. This extraordinary number of criminal cases thrust into federal court, virtually overnight, is unlike anything ever seen in this Country's history. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022). Numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases), *aff'd* 76 F.4th 1007 (10th Cir. 2023).