# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>*Plaintiff*,  )<br>  )<br>v.  )<br>  )<br>STATE OF OKLAHOMA  )<br>  )<br>*Defendant*.  )<br>  )<br>  ) | Case No. 25-CV-265-RAW-DES |

## MOTION OF PUBLIC JUSTICE FOR LEAVE TO FILE AMICUS BRIEF

Public Justice respectfully moves for leave to file the attached amicus curiae brief opposing the entry of the consent decree proposed by the parties in this case.[1]

Seven days ago, the federal and state executive branches "partner[ed]" to put an "end" to a two-decade-old state law that extends in-state tuition to thousands of Oklahoma students. Off. of the Okla. Att'y Gen., "Trump DOJ and Drummond partner to end in-state tuition for illegal immigrants," Oklahoma.gov (Aug. 5, 2025), https://perma.cc/Z3BL-PPW7; Joint Mot. for Entry of Consent Judgment 2, ECF No. 9. There are many reasons the Court cannot and should not enter that relief. Foremost among them, the Court lacks jurisdiction over this case. Federal courts are designed to decide "cases" and "controversies," U.S. Const. Art. III § 2, not friendly suits between partners who "desire precisely the same result." *Moore v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 47, 48 (1971). The proposed consent decree also fails to meet minimum requirements set by the Supreme Court and Tenth Circuit. There is no indication the parties

---

[1] Counsel for the proposed amicus requested the parties' consent for this motion via email but had not received a response as of this filing. Due to the shortened three-day time frame in which to file objections, counsel was unable to informally confer via telephone with counsel for the parties.

1

negotiated it at arms' length, and the decree does not address an ongoing violation of federal law, which does not preempt the challenged provisions. Yet, to date, there has been no adversary briefing of any of these issues, which the court must address before entering any consent decree.

"An amicus brief should normally be allowed [in district court] . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *United States v. Feng Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)) (brackets and ellipses in original). Amicus respectfully submits the attached brief will aid the court in resolving several issues the Court must resolve in ruling on the request for a consent decree.

First, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When concerns arise about the court's subject matter jurisdiction, courts "are obligated to consider" them "*sua sponte*," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), because a lack of subject matter jurisdiction "deprives courts of power to hear the case, thus requiring immediate dismissal." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 297 (2023). And because a consent decree "must spring from, and serve to resolve, a dispute within the court's subject-matter jurisdiction," the Court cannot enter a consent decree if it lacks such jurisdiction. *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1192 (10th Cir. 2018) (quoting *Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). The attached brief explains why the Court lacks jurisdiction under Supreme Court and Tenth Circuit precedent. *See* Amicus Br. Part I.

Second, "[b]ecause the issuance of a consent decree places the power of the court" behind the agreement, "the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest." *United States v. State of Colorado*, 937 F.2d 505, 509

(10th Cir. 1991). When a consent decree would enjoin state officials, it "must directly address and relate" to a violation of federal law. *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1192 (10th Cir. 2018). "The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved." *Colorado*, 937 F.2d at 509. When, as here, a case is "filed merely as the vehicle by which the parties' settlement agreement could receive judicial approval," "the adversary system has yet to function." *United States v. Telluride Co.*, 849 F. Supp. 1400, 1403 (D. Colo. 1994). And because "the protections of an adversary system are not present," the court should "undertake a more searching review of a consent decree's fairness." *Id.*

The attached amicus brief will help the Court conduct that searching review. It explains why the parties' motion fails the minimum requirements to support the entry of a consent decree that will enjoin the enforcement of a democratically enacted state law, meaning that the motion should be denied even if the Court exercises jurisdiction. *See* Amicus Br. Part II.

The brief is carefully researched, and Public Justice has the experience and expertise necessary to provide useful analysis on these issues. Through its Access to Justice Project, Public Justice has litigated and submitted amicus briefs in dozens of cases advancing proper interpretations of federal Article III and state standing requirements. *See, e.g.,* Br. of Amicus Curiae Public Justice in Support of Respondent, *TransUnion v. Ramirez*, 2021 WL 943552 (U.S. March 9, 2021); *Cottrell v. Alcon Laboratories*, 874 F.3d 154 (3d Cir. 2017); *Whitfield v. Selene Finance LP*, No. 24-12457 (11th Cir.); Br. of Amicus Curiae UC Berkeley Center for Consumer Law & Economic Justice, Public Justice, et. al. in support of Plaintiff-Appellant, *Chai v. Velocity Investments*, No. H051485 (Cal. Ct. App. July 19, 2024); Br. of Amicus Curiae Public Justice, et. al. in Support of Plaintiff-Appellee, *Voss v. Quicken Loans*, No. 2024-0257 (Ohio Aug. 22, 2024).

Through its Students' Civil Rights Project, Public Justice engages in litigation against government defendants to ensure equal access to educational opportunity. In that litigation, as well, it routinely briefs issues of Article III standing and jurisdiction. *See*, *e.g.*, *Victim Rts. L. Ctr. v. United States Dep't of Educ.*, No. 25-cv-11042, 2025 WL 1704311, at *8 (D. Mass. June 18, 2025).

The brief is timely. The parties filed their motion only seven days ago, and Public Justice submits this brief within three business days of the magistrate's report and recommendation. *See* ECF Nos. 9, 11. It will not cause undue delay. The challenged law has been in effect for over two decades, and neither party has identified any need for urgency.

The Court should not enjoin a democratically enacted law on which so many students depend without careful deliberation informed by arguments on both sides of the issues. Amicus respectfully submits that the attached brief will help the court reach the right resolution.

*/s/ Nathan D. Richter*
Nathan D. Richter, OBA No. 22003
BISON LAW FIRM
1609 Professional Circle
Yukon, Oklahoma 73099
Telephone: 405-407-0111
Facsimile: 405-407-0211
nathan@bisonlawfirm.com

*Local Counsel for Amicus Curiae*

Sean Ouellette*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
souellette@publicjustice.net

*Counsel for Amicus Curiae*

**Motion for admission pro hac vice forthcoming*

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified in the Notice of Electronic Filing.

                                              */s/ Nathan D. Richter*
                                              Nathan D. Richter