UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| United States of America, | |
|---|---|
| *Plaintiff,* | |
| v. | No. 25-cv-265-RAW-DES |
| State of Oklahoma, | |
| *Defendant.* | |

**THE STATE OF OKLAHOMA'S AND UNITED STATES OF AMERICA'S JOINT OBJECTION TO PUBLIC JUSTICE'S PARTICIPATION AS AN AMICUS CURIAE**

On August 12, 2025, a day after objections to the Court's Report and Recommendation were due, Public Justice filed its Motion for Leave to File an Amicus Curiae Brief, which would oppose the settlement between the United States and the State of Oklahoma. Doc. 12. Because this amicus effort is untimely and unhelpful, the State of Oklahoma and the United States of America respectfully request that this Court deny Public Justice's Motion for Leave to file an Amicus Brief.

**BACKGROUND**

1.  On August 5, 2025, the United States filed its Complaint with the Court seeking declaratory and injunctive relief. The United States alleged that OKLA. STAT. tit. 70, § 3242 and Oklahoma State Regents for Higher Education Policy § 3.18.6 (collectively, "the Oklahoma laws") improperly "extend[] eligibility for in-state tuition benefits at state postsecondary educational institutions to individuals who are not lawfully present in the United States, while requiring U.S. citizens from other states to pay higher tuition rates." Doc.

2 at 2. As the United States explained, this aspect of Oklahoma law "is squarely prohibited and preempted by federal law" under the Supremacy Clause of the United States Constitution. *Id.*

2. On the same day, the United States and the State of Oklahoma filed a Joint Motion for Entry of Consent Judgment indicating that both parties "agree that [the Oklahoma laws] are preempted by 8 U.S.C. §§ 1623, 1621(d)." Doc. 9 at 2. As a result, the parties requested that the Court "enter a final judgment declaring that [the Oklahoma laws] violate the Supremacy Clause and are therefore invalid." *Id.*

3. On August 7, 2025, Magistrate Judge Snow issued his Report and Recommendation, which "recommend[ed] the Parties' Joint Motion for Entry of Consent Judgment be granted." Doc. 11 at 1. The Court reasoned that 8 U.S.C. § 1623(a) "contains an express preemption clause" directing that illegal aliens "'shall not be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether a citizen or national is such a resident.'" *Id.* at 3.

4. The Court mandated that "[a]ny objections to this Report and Recommendation must be filed within three days." *Id.* (citing 18 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)). As a result, the deadline for filing objections fell on August 11, 2025, as August 10, 2025, was a Sunday.

5. On the case docket, however, the Minute Order attached to the Report and Recommendation erroneously stated that "Objections to R&R due by 8/12/2025." Doc. 11 Minute Order.

6. On August 12, 2025, one day after the objection deadline, Public Justice filed its Motion for Leave to File Amicus Curiae Brief. Doc. 12. The Motion objects to the Court's Report and Recommendation, urging that because Oklahoma and the United States were aligned in filing its Joint Motion for Entry of Consent Judgment, the suit is not a proper "case" or "controversy," and the Court lacks subject matter jurisdiction over the case. Doc. 12 at 1. As a result, Public Justice seeks leave to file a brief that will urge "the Court [to]take a more searching review of the consent decree's fairness." *Id.* at 3 (citation omitted). In Public Justice's view, its "attached brief will help the Court conduct that searching review." *Id.*

For the following reasons, this Court should deny Public Justice's motion.

## ARGUMENT AND AUTHORITIES

The untimely nature of Public Justice's motion alone warrants its denial. But should this Court excuse Public Justice's untimeliness in filing the motion, denial is still proper because the Report and Recommendation properly resolved the only straightforward issue at bar: federal preemption of state law. As a result, any outside interference into this straightforward calculus will not "assist in . . . supplementing the efforts of counsel" and should be rejected. *Pickup v. Dist. Ct. of Nowata Cnty.*, No. CIV 20-0346-JB-JFJ, 2023 WL 1394896 at *51 (N.D. Okla. Jan. 31, 2023).

In federal district court, "[t]he privilege of being heard [as an] amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information is timely, useful, or otherwise." *Id.* (quoting *CARE v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). This discretion is "considerable." *Id.* Indeed, Courts "can decline to consider . . . an amicus brief," and routinely do, based on several reasons,

including judges' "heavy caseloads and therefore the need to minimize extraneous reading." *Id.* at *51–52 (quoting *Voices for Choice v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003)). Further, "courts have also observed that, '[a]t the trial level, where issues of fact as well as law predominate, the aid of an amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure.'" *Id.* at *52.

This Court should decline to allow Public Justice to participate in the case based on the untimeliness of its request and the minimal value that its participation will offer compared to the delay its involvement could inflict.

I. **Public Justice's Motion is Untimely.**

The Federal Rules of Civil Procedure provide that time limits, when "the period is stated in days or a longer unit of time," should be computed to:

> exclude the day of the event that triggers the period . . . [C]ount every day, including intermediate Saturdays, Sundays, or legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

Fed. R. Civ. P. 6(a)(1). Every day after the day with the triggering event counts towards the computation of a given Court-imposed deadline. Put simply, days are days, and each counts.

Here, the Court entered its Report and Recommendation on August 7, 2025, and ordered that "[a]ny objections to this Report and Recommendation must be filed within three days." Doc. 11 at 3. But because August 10, 2025 (three days after August 7, 2025) fell on a Sunday, "the period continue[d] to run until the end on the next day," making Monday, August 11, 2025, the correct objection deadline. Fed. R. Civ. P. 6(a)(1)(C). Thus, by no fault of the

4

United States or the State of Oklahoma, Public Justice's filing on August 12, 2025, did not comply with the Court's three-day objection deadline.

To be sure, Public Justice relies on the Minute Order accompanying the Report and Recommendation that incorrectly stated that all "[o]bjections to R&R [are] due by 8/12/2025." Doc. 11 Minute Order. But this is not reasonable. "[M]inute entries cannot and do not carry the force of judicial orders, precisely because of the lack of oversight or control over their being lifted out of context and misused." *In re California Webbing Indus., Inc.*, 370 B.R. 480, 487 (Bankr. D.R.I. 2007) (citation omitted). And even if a Minute Order could be binding, it certainly would not control over the contrary date stated clearly in the Report and Recommendation itself. Thus, the inaccuracy in the Minute Order does not excuse Public Justice from complying with the express terms of the Report and Recommendation.

Public Justice also argues that, even if they failed to file within the three-day window for filing objections, their motion was still timely filed because the Court "did not shorten the deadline for **responses** to the parties' joint motion." Doc. 14 at 1 (emphasis added). This argument is hard to take seriously for the simple reason that only proper parties and intervenors enjoy the response deadlines outlined in the Federal Rules of Civil Procedure. *See United States v. Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015) ("[A]n amicus curiae is not a party and has no control over the litigation and no right to institute proceedings in it[;] nor can it file any pleadings or motions in the case." (citations omitted)). Public Justice is not a party to this suit, and as a result, it cannot assert the longer response deadlines actual parties and intervenors enjoy.

Accordingly, the Court should deny the Public Justice's motion as untimely filed.

5

## II. Public Justice's Amicus Brief Will Inflict More Burden Than Benefit on the Resolution of This Case.

Again, district courts have broad discretion to deny amicus participation when additional briefing is not "timely, useful, or otherwise necessary." *Pickup*, 2023 WL 1394896, at *51. Indeed, district courts usually only allow amicus participation "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective" that will aid the Court in its determination of the issues presented. *Id.* (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) (in chambers)). And courts should "go slow" in accepting an amicus brief "where joint consent of the parties is lacking." *Id.* (citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)).

Although there is no direct guidance from the Federal Rules of Civil Procedure on amicus participation in federal district courts, courts often consider a host of factors in determining the propriety of amicus participation, including: (1) "whether the proposed amicus is a disinterested entity"; (2) "whether there is opposition to the entry of the amicus"; (3) "whether counsel is capable of making arguments without the assistance of an amicus"; (4) "the strength of the information and argument presented by the potential amicus curiae's interests"; and (5) "the usefulness of information and argument presented by the potential amicus curiae to the court." *Otero*, 184 F. Supp. 3d at 1115 (citing *Ass'n of Am. Sch. Paper Suppliers v. U.S.*, 683 F. Supp. 2d 1326, 1328 (Ct. Int'l Trade 2010)); *see also Pickup*, 2023 WL 1394896 at *51. Here, these factors weigh against Public Justice's participation, and the Court should deny its Motion for Leave.

*First,* Public Justice's motive in seeking leave is clear: they do not agree with the actual parties' agreed-upon interpretation of the preemption doctrine as applied to Oklahoma law and seek to become third-party dissenters to the Court's Report and Recommendation. This motive is hardly "disinterested" and clearly seeks to advocate for their alternative point of view. As a result, factor (1) counsels against Public Justice's intervention.

*Second*, both the State of Oklahoma and the United States have expressed their objection to Public Justice's intrusion into these straightforward issues of federal preemption. As a result, factor (2) weighs against Public Justice's involvement here.

*Third,* both the United States and the State of Oklahoma are represented competently by attorneys within the Department of Justice and the Oklahoma Office of the Attorney General. As a result, the parties are clearly capable of making arguments and representing their respective clients effectively without the assistance of amici. Therefore, factor (3) counsels against Public Justice's intervention in this matter.

*Fourth* and *fifth*, Public Justice has not shown that it has relevant information or a useful or unique perspective to share with the Court. Instead, its motion merely insinuates that the Court's Report and Recommendation insufficiently addressed jurisdictional issues and that the Court "should 'undertake a more searching review of a consent decree's fairness.'" Doc. 12 at 3 (citation omitted). But, as always, Courts have an "independent obligation to ensure that subject matter jurisdiction is present" before issuing orders or Report and Recommendations. *Queens, LLC v. Seneca-Cayuga Nation*, 635 F. Supp. 3d 1199, 1201 (N.D.O.K. 2022). While Public Justice may disagree with the Court's independent conclusion regarding its subject matter jurisdiction over this case, its disagreement with the Court's conclusion does not make

7

Report and Recommendation "unfair," nor is Public Justice's disagreement unique or useful information that warrants its third-party involvement here.

Moreover, courts have been hesitant to permit proposed amicus briefs that "inject[] new issues into th[e] case not raised by the parties." *Otero*, 184 F. Supp. 3d at 1116. To be sure, "[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties." *Id.* at 1117 (citations omitted). Indeed, the *Otero* Court rejected amicus participation when the prospective amicus brief "contain[ed] new arguments on a new claim that [were] not relevant to the claims and arguments" the actual parties to suit raised. *Id.* In fact, the actual parties in *Otero* contemplated similar preemption claims under the Supremacy Clause, while the prospective amicus focused its brief on ancillary issues of public nuisance. *Id.* at 1116. Similarly, here, by Public Justice's own admission, the proposed amicus brief is a vehicle used to assert issues not raised by either party and bide time "for affected students or entities to retain counsel and draft motions and pleadings to intervene." Doc. 12-1 at 11.[1] Stalling a perfectly legitimate consent decree is not a useful or unique reason to permit an amicus participant leave to file. Factors (4) and (5), then, discourage Public Justice's intrusion here. This case is lockstep with *Otero*, and the Court should rule accordingly and deny Public Justice leave to file its amicus brief.

A non-party like Public Justice should not be permitted to manufacture an adversarial dispute out of whole cloth, stall, or harp on irrelevant factors like the perceived "unfairness" of consent judgments, especially considering the Court's current ongoing docket crisis in the

---

[1] Even if a third party attempted to intervene in this case, it should be denied as "legally futile." *U.S. v. Texas*, 7:25-CV-00055-O, 2025 WL 2423900, at *3 (N.D. Tex. Aug. 15, 2025).

wake of *McGirt v. Oklahoma*, 591 U.S. 894 (2020). The only thing Public Justice has shown this Court is that it disagrees with its Report and Recommendation. But this is not enough to warrant amicus participation when both parties oppose such intervention. In the interest of judicial economy, this Court should decline to allow a third-party to transform this clear-cut case into a contested one with the actual parties aligned against a third-party dissenter.

## CONCLUSION

For the reasons stated herein, the State of Oklahoma and the United States of America respectfully request this Court deny Public Justice's Motion for Leave to File an Amicus Curiae Brief.

Respectfully submitted,

*s/ Garry M. Gaskins, II*

GENTNER DRUMMOND, OBA 16645
  *Attorney General*
GARRY M. GASKINS, II, OBA 20212
  *Solicitor General*
OFFICE OF ATTORNEY GENERAL
 STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Gentner.Drummond@oag.ok.gov
Garry.Gaskins@oag.ok.gov

Counsel for Defendant

                                               */s/ Aysha T. Iqbal*
                                               AYSHA T. IQBAL
                                               Trial Attorney
                                               U.S. Department of Justice - Civil Division
                                               Office of Immigration Litigation
                                               P.O. Box 878
                                               Ben Franklin Station
                                               Washington, DC 20044
                                               202-451-7672
                                               Aysha.T.Iqbal@usdoj.gov

                                               *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of August 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

                                               s/*Garry M. Gaskins, II*
                                               GARRY M. GASKINS, II, OBA # 20212