# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 6:25-CV-00265-RAW-DES |
| STATE OF OKLAHOMA | ) ) ) |
| *Defendant*. | ) ) ) |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS BRIEF

To clear the way for the result they both jointly seek, the parties jointly urge the Court to ignore the amicus brief because it raises an unaddressed jurisdictional problem in a case that would otherwise involve no "adversarial dispute" because both parties are "aligned." Joint Objection to Public Justice's Participation as Amicus Curiae 8-9, Dkt. No. 19 ("Obj."). That is exactly why the Court should consider the brief, which explains why the Court lacks jurisdiction to hear such a "friendly, nonadversary" suit. Amicus Br. 5-11 (quoting *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346 (1936) (Brandeis, J. concurring)). As the brief explains, Article III "requires an active adversarial dispute." *City of Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1081 (10th Cir. 2009). Because the consent decree does not resolve any real dispute between the parties, who "desire 'precisely the same result,'" the court must dismiss the case. Amicus Br. 4-11 (quoting *GTE Sylvania, Inc. v. Consumers Union of U. S., Inc.*, 445 U.S. 375, 382 (1980)) The "proper—and properly limited—role of the courts in [our] democratic society" depends on it. *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).

The amicus brief is the *only* analysis of Article III jurisdiction that anyone has presented in this case. And it provides an analysis of the factors relevant to the Court's required independent

1

evaluation of the consent decree that is absent from the parties' barebones motion. Because the brief provides the Court with helpful analysis on issues the Court must address before entering any consent decree, and the other pertinent factors do not counsel against considering the brief, the Court should grant the motion for leave to file the amicus brief.

> **A. The amicus brief will aid the court because it provides the only analysis of issues the court must address but which the parties have not briefed.**

Because neither party raised it, the Report and Recommendation did not analyze Article III jurisdiction. *See* Dkt. No. 11 at 2 (only noting that the "Parties agree this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345"). The Court, however, must address jurisdiction "sua sponte" when concerns arise and "dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking," even "[i]f the parties do not raise" the issue. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Yet, without the amicus brief, the Court would have no briefing on jurisdiction to aid its decision.

As the parties do not dispute, the Court must also conduct an independent evaluation of the consent decree to ensure it is "fair, adequate, and reasonable," *United States v. State of Colorado*, 937 F.2d 505, 509 (10th Cir. 1991), and addresses a violation of federal law, *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1192 (10th Cir. 2018). Because Oklahoma plainly will not enforce the challenged provisions even if the court rejects the consent decree, the United States lacks standing to sue. Amicus Br. 6-10. But to the extent that Oklahoma *would* extend in-state tuition to the students covered by the challenged law without a decree, the decree would impact third parties—the many students who rely on the Oklahoma law to go to college—whose interests the parties do not defend. *See* Amicus Br. 2-3, 10-15. Yet, without the amicus brief, the court would have to evaluate these issues based only on the parties' one-sided, four-page stipulation.

The Court should consider the brief for these reasons alone. Indeed, courts routinely solicit amicus briefs when they must decide an issue on which the parties agree. *See*, *e.g.*, *Hohn v. United States*, 524 U.S. 236, 241 (1998) ("[S]ince Hohn and the Government both argue in favor of our jurisdiction, we appointed an *amicus curiae* to argue the contrary position."); *Clyma v. Sunoco, Inc.*, 594 F.3d 777, 780 n.2 (10th Cir. 2010) (similar).

Hoping to persuade the court to ignore the brief—and the jurisdictional problem— altogether, the parties rely on an easily distinguishable case in which a court declined an amicus brief because it raised only "new arguments on a new claim that [were] not relevant to the claims or arguments before th[e] Court," which the parties had already vetted through full-bore adversary briefing. *United States v. Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1116 (D.N.M. 2015). *Otero* did not involve an issue the court had to address but that the parties did not brief. Here, unlike in *Otero*, the amicus brief satisfies the "most important[]" factor courts consider when evaluating an amicus brief, *id.* at 1118: It "help[s] the court beyond the help that the lawyers for the parties' have provided in their own briefing." *Pickup v. Dist. Ct. of Nowata Cnty.*, No. 20-CV-0346, 2023 WL 1394896, at *70 (N.D. Okla. Jan. 31, 2023) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

**B. The Court should not reject the brief because the Amicus disagrees with the parties.**

Amicus's disagreement with the parties is no reason to reject the brief. The parties argue that Public Justice is not "disinterested" because it opposes their jointly requested relief and "seeks to advocate for [its] alternative point of view." Obj. 7. But the fact that the brief offers an alternative to the parties' "agreed-upon" position, which invites the court to exceed its jurisdiction, is exactly what makes the brief useful. Although Public Justice disagrees with the parties' positions on the merits, "there is no rule that amici totally must be disinterested." *Pickup*, 2023 WL 1394896, at

*52; *accord Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("[B]y the nature of things an *amicus* is not normally impartial.").

Likewise, the fact that the parties "object[]" to an argument adverse to their joint interests (Obj. 7) should weigh little here, given that the parties' aligned interests are exactly the problem. *See* Amicus Br. 5-12. The parties cannot confer jurisdiction by "stipulation," and the Court cannot ignore jurisdictional problems simply because the parties would prefer it to. *Tuck*, 859 F.2d at 844. For similar reasons, the fact that the parties are "capable of making arguments and representing their respective clients" (Obj. 7) does not support disregarding an amicus brief that analyzes issues the Court must decide but that the parties have not disputed.

**C. The Court should not reject the brief on timing grounds.**

Finally, an amicus brief filed only a week into a case's life, and only seven days after the motion it opposes, is not "untimely." Obj. 3; *see* Notice Regarding Consent for Leave to File Amicus Br. 1-2, Dkt. No. 14. There is no deadline for amicus briefs, which the Court may consider at its discretion. In any event, as explained in the case the parties cite, "[a]lthough no Federal Rule of Civil Procedure governs amicus participation in a district court case, district courts commonly look for guidance to Federal Rule of Appellate Procedure 29, which governs amicus curiae briefs in the United States Circuit Courts of Appeal." *Otero*, 184 F. Supp. 3d at 1115. Under Rule 29, an amicus brief that supports neither party is timely if filed within seven days of the opening brief. Fed. R. App. P. 29(a)(6). Because Public Justice filed the amicus brief within seven days of the parties' motion, the brief would be timely even by this standard.

Even if the Court concludes that Public Justice should have filed the brief one day earlier— within the shortened window for objections to the Report and Recommendation—it should not reject the brief on that basis. The Court has "wide discretion" to accept amicus briefs, and the

4

"'most important[]' factor is 'the usefulness of information and argument presented by the potential *amicus curiae* to the court.'" *Otero*, 184 F. Supp. 3d at 1115, 1118 (citation omitted). The Court should not disregard the only analysis of the jurisdictional issues in this case, and the only analysis of the relevant factors that govern approval of consent decrees under Tenth Circuit precedent, because it was filed four days after the Report and Recommendation instead of three. The parties cite no prejudice they would suffer if the Court considers the brief.

***

Accordingly, the Court should grant leave to file the amicus brief.

*/s/ Sean Ouellette*
Sean Ouellette*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
souellette@publicjustice.net

Nathan D. Richter, OBA No. 22003
BISON LAW FIRM
1609 Professional Circle
Yukon, Oklahoma 73099
Telephone: 405-407-0111
Facsimile: 405-407-0211
nathan@bisonlawfirm.com

*Counsel for Amicus Curiae*

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified in the Notice of Electronic Filing.

*/s/ Sean Ouellette*
Sean Ouellette