UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                *Plaintiff,*

v.

STATE OF OKLAHOMA,

                *Defendant.*

No. 25-cv-265-RAW-DES

**THE STATE OF OKLAHOMA'S RESPONSE TO OKLAHOMA STUDENTS FOR AFFORDABLE TUITION'S MOTION FOR AN INDICATIVE RULING**

GENTNER DRUMMOND
  *Attorney General*
GARRY M. GASKINS, II
  *Solicitor General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov

ZACH WEST
  *Director of Special Litigation*
ELLEN CARR
  *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.West@oag.ok.gov
Ellen.Carr@oag.ok.gov

*Counsel for Defendant*

March 9, 2026

The State of Oklahoma hereby responds to the Opposed Motion for an Indicative Ruling by the Oklahoma Students for Affordable Tuition ("OSAT"). In short, OSAT's improper and unripe appeal did not divest this Court of its jurisdiction to resolve the pending intervention motion, and an indicative ruling is unnecessary here.

I. **THIS COURT WAS NEVER DIVESTED OF JURISDICTION BECAUSE OSAT'S APPEAL WAS IMPROPER.**

As a general matter, notices of appeal are "event[s] of jurisdictional significance" that "confer[] jurisdiction on the court of appeals and divest[] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But this divestiture rule applies only where the appeal is *proper* because "when an attempted appeal is manifestly ineffective to invoke the jurisdiction of the court of appeals, the district court should be free to proceed as though no appeal had been taken, which is the fact." *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1170 n.7 (5th Cir. 1978) (quotation omitted). Stated another way, and particularly relevant here, appeals are non-viable when "the district court had yet to rule on [a] motion to intervene at the time [the movants] filed their notice of appeal." *S. Wilderness All. v. Kempthorne*, 525 F.3d 966, 968 (10th Cir. 2008).

OSAT's appeal to the Tenth Circuit was improper for the reasons set forth in Oklahoma's November 13, 2025 Motion to Dismiss at the Tenth Circuit. *See United States v. Oklahoma*, 25-7089 (10th Cir.) Doc. 11. Specifically, Oklahoma argued that (1) OSAT was not a party to the underlying litigation at the time it filed its Notice of Appeal; (2) OSAT's Motion to Intervene was still pending and unresolved when it filed that Notice; and (3) a non-party has no right to appeal the district court's Final Order. *See id.* at 2–4. In so arguing, Oklahoma relied on *Kempthorne*'s central holding that "the only course available to [non-party] Movants"

1

that filed an appeal while their motion to intervene was pending "was to appeal *after* the district court denied their motion to intervene because only then did the Movants . . . have an order from which to appeal." 525 F.3d at 969. Certainly, the Tenth Circuit has not yet dismissed OSAT's appeal. But the Tenth Circuit has been clear that it has not approved of it, either. Rather, it has merely referred the motion "and the issues and arguments raised therein to the panel of judges that later will be assigned to consider" the matter. *Oklahoma*, 25-7089, Doc. 25 at 1 (10th Cir. Dec. 9, 2025). This deferral does not change the calculus here. *See, e.g., Tr. Of Hardcastle Remainder Annuity Tr. v. Hardcastle*, 2023 WL 3884113 at *2 (4th Cir. June 8, 2023) (unpublished) (deferring ruling on a motion to dismiss to the merits panel but ultimately dismissing the appeal based on a lack of jurisdiction).

Put simply: OSAT does not have appellate standing to challenge a pending motion to intervene before this Court. As a result, OSAT's Notice of Appeal is premature and does not divest this Court of its rightful jurisdiction over pending motions before it. This Court retains jurisdiction to resolve OSAT's Motion to Intervene. Because this Court retains jurisdiction, the procedural mechanism OSAT invokes is unavailable.

## II. RULE 62.1 IS IMPROPER WHERE THE DISTRICT COURT RETAINS JURISDICTION.

Federal Rule of Civil Procedure 62.1 permits a district court to issue an indicative ruling only when it "lacks authority to grant a motion because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). By its plain terms, the rule applies only where the pending appeal actually divests the court of its jurisdiction. But where, as here, the appeal was improper and the district court retains its jurisdiction, Rule 62.1 is inapplicable.

Because OSAT's appeal did not confer jurisdiction on the Tenth Circuit (as OSAT still

2

has not been granted party status), this Court has full authority to rule directly on OSAT's Motion to Intervene without deploying the Rule 62.1 procedure. Inviting a remand from the Tenth Circuit would be an unnecessary procedural maneuver that would improperly legitimize OSAT's unripe and improper appeal. The motion for an indicative ruling should be denied, and this Court should proceed to adjudicate the Motion to Intervene directly.

### III. ALTERNATIVELY, THIS COURT SHOULD INDICATE THAT IT WOULD DENY OSAT'S INTERVENTION MOTION.

If this Court finds that the indicative ruling procedure is proper, this Court should indicate to the Tenth Circuit that it would deny OSAT's Motion to Intervene. Denial of OSAT's intervention motion is proper for the same reasons that Oklahoma has put forward in its earlier briefing: (1) OSAT lacks standing to intervene on behalf of its members, Doc. 44 at 2–6; (2) OSAT fails to satisfy Rule 24's requirements, including the requirement of timeliness, *id.* at 6–14; and (3) intervention by OSAT is legally futile. *Id.* at 14–16.

### CONCLUSION

For the reasons described herein, Oklahoma respectfully requests that this Court deny OSAT's Motion for an Indicative Ruling.

Respectfully submitted,

*s/ Garry M. Gaskins, II*

GENTNER DRUMMOND, OBA 16645
   *Attorney General*
GARRY M. GASKINS, II, OBA 20212
   *Solicitor General*
ZACH WEST, OBA 30768
   *Director of Special Litigation*
ELLEN CARR, OBA 36074
   *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
 STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Ellen.Carr@oag.ok.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

*s/ Garry M. Gaskins, II*
GARRY M. GASKINS, II
